# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

Fraser Rotchford,

    Plaintiff,

v.

Swanson Services Corporation et al.,

    Defendants.

CASE NO. 3:19-cv-05485-RJB-DWC

**ORDER**

Plaintiff Fraser Rotchford, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by September 3, 2019, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff, who is currently housed at Clallam County Jail, alleges Defendants Swanson Service Corporation and Clallam County Correctional Facility are involved in anti-trust, piracy, price-fixing, and a violation of "public trust" related to the sale of postage stamps. Dkt. 11 at 3. Plaintiff alleges these actions are criminal. *Id.* Plaintiff seeks monetary relief. Dkt. 11 at 4.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49. "The purpose of § 1983 is to deter state actors from using the badge of their authority depriving individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint. First, he fails to name a proper defendant in this cause of action. Plaintiff

has named Swanson Service Corporation and Clallam County Correctional Facility as defendants. Dkt. 11.

With respect to Plaintiff's allegations against Swanson Service Corporation, generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). A private individual's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Id*. at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). Plaintiff's allegations do not satisfy any of these four tests. Plaintiff generally alleges a private actor may be considered a state actor if the private actor conspires with or is jointly engaged with a state actor. Dkt. 11 at 3. However, Plaintiff does not set forth any factual allegations to support these claims, and Plaintiff has not alleged any state involvement in Swanson Service Corporation's actions. Because Plaintiff may not pursue actions against a private party absent facts showing how the private individual's actions amount to state action, Plaintiff fails to state a claim against Defendant Swanson Service Corporation.

Plaintiff has named the Clallam County Correctional Facility as a defendant. *See* Dkt. 11. The Clallam County Correctional Facility is not a legal entity capable of being sued under § 1983. Rather, Clallam County, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official

custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named Clallam County as a defendant or alleged facts to show Clallam County is liable. *See* Dkt. 11. If Plaintiff seeks to sue Clallam County, he must name Clallam County as a defendant and allege facts sufficient to meet the required elements of a claim against a municipality and show Clallam County violated his constitutional rights.

Finally, even if Plaintiff had named a proper defendant, he fails to adequately plead a violation of his constitutional rights over which this Court has jurisdiction. Dkt. 11. Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is unclear from Plaintiff's Complaint how Defendants violated Plaintiff's constitutional rights or damaged him in some way. Plaintiff alleges Defendants have engaged in anti-trust, piracy, and price-fixing related to the sale of postage stamps, but the details of any harm caused

to Plaintiff by Defendants are not clear. Dkt. 11. The Court cannot discern any actionable claim against Defendants over which it has jurisdiction. Even construing Plaintiff's Complaint liberally, Plaintiff's Complaint does not satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, by setting forth a short and plain statement of Plaintiff's claims.

### Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve the Plaintiff's Complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations

1 linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize
2 service of the amended complaint on any Defendant who is not specifically linked to a violation
3 of Plaintiff's rights.
4     If Plaintiff fails to file an amended complaint or fails to adequately address the issues
5 raised herein on or before September 3, 2019 the undersigned will recommend dismissal of this
6 action as frivolous pursuant to 28 U.S.C. § 1915.
7     The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
8 civil rights complaint and for service. The Clerk is further directed to send copies of this Order
9 and Pro Se Instruction Sheet to Plaintiff.
10     Dated this 7th day of August, 2019.

David W. Christel
United States Magistrate Judge