UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Fraser Rotchford,<br><br>                Plaintiff,<br><br>    v.<br><br>Swanson Services Corporation et al.,<br><br>                Defendants. | CASE NO. 3:19-cv-05485-RJB-DWC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: October 18, 2019 |

Plaintiff Fraser Rotchford, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim for which relief can be granted. Plaintiff has not named a proper defendant nor has he alleged facts to demonstrate a violation of any constitutional or statutory right. Accordingly, the Court recommends Plaintiff's Complaint (Dkt. 11) be dismissed and this case be closed.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff, who is currently housed at Clallam County Jail, alleges Defendants Swanson Service Corporation and Clallam County Correctional Facility are involved in anti-trust, piracy, price-fixing, and a violation of "public trust" related to the sale of postage stamps. Dkt. 11 at 3. Plaintiff alleges these actions are criminal. *Id.* Plaintiff seeks monetary relief. Dkt. 11 at 4.

## PROCEDURAL HISTORY

Plaintiff commenced this action on May 29, 2019. Dkt. 1. On August 5, 2019, the undersigned screened Plaintiff's proposed complaint and found it was deficient. Dkt. 12. The undersigned ordered Plaintiff to file an amended complaint correcting the deficiencies by September 3, 2019. Dkt. 12. Plaintiff was advised a failure to adequately address the deficiencies would result in a recommendation that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915. *Id.* Plaintiff has failed to respond to the Court's Order and has failed to file an amended pleading. *See* Dkt.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49. "The purpose of § 1983 is to deter state actors from using the badge of their authority depriving individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

Plaintiff's Complaint suffers from multiple deficiencies requiring dismissal. First, he fails to name a proper defendant in this cause of action. Plaintiff has named Swanson Service Corporation and Clallam County Correctional Facility as defendants. Dkt. 11.

With respect to Plaintiff's allegations against Swanson Service Corporation, generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). A private individual's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Id*. at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). Plaintiff's allegations do not satisfy any of these four

REPORT AND RECOMMENDATION - 3

tests. Plaintiff generally alleges a private actor may be considered a state actor if the private actor conspires with or is jointly engaged with a state actor. Dkt. 11 at 3. However, Plaintiff does not set forth any factual allegations to support these claims, and Plaintiff has not alleged any state involvement in Swanson Service Corporation's actions. Because Plaintiff may not pursue actions against a private party absent facts showing how the private individual's actions amount to state action, Plaintiff fails to state a claim against Defendant Swanson Service Corporation.

Plaintiff has named the Clallam County Correctional Facility as a defendant. *See* Dkt. 11. The Clallam County Correctional Facility is not a legal entity capable of being sued under § 1983. Rather, Clallam County, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). However, Plaintiff has not named Clallam County as a defendant or alleged facts to show Clallam County is liable. *See* Dkt. 11.  Accordingly, Plaintiff fails to state a claim against Clallam County Correctional Facility.

Finally, even if Plaintiff had named a proper defendant, he fails to adequately plead a violation of his constitutional rights over which this Court has jurisdiction. Dkt. 11. Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In

addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is unclear from Plaintiff's Complaint how Defendants violated Plaintiff's constitutional rights or damaged him in some way. Plaintiff alleges Defendants have engaged in anti-trust, piracy, and price-fixing related to the sale of postage stamps, but Plaintiff has not clearly identified any harm caused by Defendants. Dkt. 11. The Court cannot discern any actionable claim against Defendants over which it has jurisdiction. Even construing Plaintiff's Complaint liberally, Plaintiff's Complaint does not satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, by setting forth a short and plain statement of Plaintiff's claims.

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Defendants are liable under § 1983. The Court provided Plaintiff with notice of the deficiencies in his claims. *See* Dkt. 12. Plaintiff did not respond to the Court's Order or file an amended pleading. *See* Dkt. As Plaintiff has been given leave to amend and has been instructed regarding the deficiencies of his claims, the Court recommends Plaintiff not be again given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

REPORT AND RECOMMENDATION - 5

For the above stated reasons, the undersigned recommends Plaintiff's Complaint (Dkt. 11) be dismissed for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 18, 2019 as noted in the caption.

Dated this 24th day of September, 2019.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6